QUINN EMANUEL URQUHART & SULLIVAN, LLP
Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
Michael E. Williams (Bar No. 181299)
  michaelwilliams@quinnemanuel.com
Kristen Bird (Bar No. 192863)
  kristenbird@quinnemanuel.com
Shahin Rezvani (Bar No. 199614)
  shahinrezvani@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Fax: (213) 443-3100

Counsel for Defendants The J.G. Wentworth Company, LLC, The J.G. Wentworth Company, J.G. Wentworth S.S.C. Limited Partnership, and PeachHoldings, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| NOVATION VENTURES, LLC, | CASE NO. 2:15-cv-00954 |
|---|---|
| Plaintiff, | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(B)(6)** |
| vs. | |
| THE J.G. WENTWORTH COMPANY, LLC, a Delaware limited liability company, formerly known as J.G.WPT HOLDINGS, LLC; THE J.G. WENTWORTH COMPANY, a Delaware corporation, formerly known as J.G.WPT, INC.; J.G. WENTWORTH S.S.C. Limited Partnership, a Nevada limited partnership; and PEACH HOLDINGS, LLC, a Delaware limited liability company dba PEACHTREE FINANCIAL SOLUTIONS, | Hearing Date: May 18, 2015<br>Time:             1:30 p.m.<br>Location:         Courtroom No. 14<br>Judge: Hon. Beverly Reid O'Connell |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

Preliminary Statement ................................................................................................ 1

Argument .................................................................................................................... 2

I.    COURTS ROUTINELY DISMISS ANTITRUST CLAIMS FOR FAILURE TO STATE FACIALLY PLAUSIBLE CLAIMS ........................... 2

II.    NOVATION'S OPPOSITION CONFIRMS NO ANTITRUST INJURY ............................................................................................................ 4

    A.    Novation Concedes it Has Not Suffered Antitrust Injury As a Result of the Merger. ................................................................... 4

    B.    Novation's Reliance on Alleged Consumer Deception Post-Merger Does Not Establish Antitrust Injury Either. ............................ 5

    C.    Novation's Claim of Market Foreclosure and Diminished Revenues and Profits Are Also Insufficient to Allege Antitrust Injury. ................................................................................................... 5

    D.    Novation's Losses Do Not Flow from Any Anticompetitive Aspect of Defendants' Conduct, Which Is Required for Antitrust Injury. ................................................................................................... 6

III.    NOVATION'S ALLEGED ANTICOMPETITIVE CONDUCT IS LEGALLY INSUFFICIENT TO SUPPORT ITS SECTION 2 CLAIM .......... 8

IV.    THE COMPLAINT FAILS TO ALLEGE HIGH BARRIERS TO ENTRY TO SUPPORT ITS SECTION 2 CLAIM ......................................... 11

V.    NOVATION'S MARKET DEFINITION REMAINS INSUFFICIENT. ...... 11

Conclusion ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

### Cases

*Abbyy USA Software House, Inc. v. Nuance Communications Inc.*,
  2008 WL 4830740 (N.D. Cal. Nov. 8, 2008) .......................................................... 3

*Alaska Airlines v. United Airlines*,
  948 F.2d 536 (9th Cir. 1991) ............................................................................... 9

*Alberta Gas Chemicals Ltd. v. E.I. Du Pont De Nemours and Co.*,
  826 F.2d 1235 (3d Cir. 1987) .............................................................................. 4

*AlliedSignal, Inc. v. B.F. Goodrich Co.*,
  183 F.3d 568 (7th Cir. 1999) ............................................................................... 5

*American Professional Testing Service, Inc. v. Harcourt Brace Jovanovich Legal
  and Professional Publications, Inc.*,
  108 F.3d 1147 (9th Cir. 1997) ............................................................................. 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 10

*Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*,
  472 U.S. 585 (1985) ............................................................................................ 9

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
  182 F.3d 1096 (9th Cir. 1999) ....................................................................... 5, 12

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
  429 U.S. 477 (1977) ................................................................................... 6, 7, 8

*In re California Title Ins. Antitrust Litigation*,
  2009 WL 1458025 (N.D. Cal. Nov. 6, 2009) ....................................................... 3

*In re California Title Ins. Antitrust Litigation*,
  2009 WL 3756686 (N.D. Cal. May 21, 2009) ...................................................... 3

*Cargill v. Monfort of Colorado*,
  479 U.S. 104 (1986) .................................................................................. 6, 7, 8

*Cascades Computer Innovation LLC v. RPX Corp.*,
  2013 WL 316023 (N.D. Cal. Jan. 24, 2013) ......................................................... 2

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
  2013 WL 5425183 (N.D. Cal. Sept, 26, 2013) ..................................................... 3

*Conley v. Gibson*,
  355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ................................................. 2

*Credit Bureau Services, Inc. v. Experian Information Solutions, Inc.*,
  2013 WL 3337676 (C.D. Cal. June 28, 2013) ................................................. 2, 3

*EchoStar Satellite, L.L.C. v. Viewtech, Inc.*,
  2009 WL 1668712 (S.D. Cal. May 27, 2009) ......................................................... 3

*Feitelson v. Google Inc.*,
  --- F. Supp. 3d – 2015, WL 740906 (N.D. Cal. Feb. 20, 2015) .............................. 3

*Gorospe v. New Century Mortg. Corp.*,
  2011 WL 3734230 (D. Haw. Aug. 23, 2011) .......................................................... 2

*In re Hawaiian & Guamanian Cabotage Antitrust Litigation*,
  647 F. Supp. 2d 1250 (W.D. Wa. 2009) ................................................................. 2

*Hoilien v. OneWest Bank, FSB*,
  2012 WL 1379318 (D. Haw. April 20, 2012) ......................................................... 2

*International Norcent Technology v. Koninklijke Philips Electronics N.V.*,
  2007 WL 4976364 (C.D. Cal. Oct. 29, 2007) ..................................................... 2, 3

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ................................................................................. 2

*Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*,
  140 F.3d 1228 (9th Cir. 1998) ........................................................................ 3, 4, 7

*Manwin Licensing Intern. S.A.R.L. v. ICM Registry, LLC*,
  2012 WL 3962566 (C.D. Cal. Aug. 14, 2012) ...................................................... 12

*Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................................................ 5

*Movie 1 & 2 v. United Artists Communications, Inc.*,
  909 F.2d 1245 (9th Cir. 1990) ............................................................................... 10

*name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
  2013 WL 2151478 (C.D. Cal. Mar, 4, 2013) .......................................................... 3

*Newcal Indus. v. Ikon Office Solutions*,
  513 F.3d 1038 (9th Cir. 2008) ............................................................................... 11

*PNY Technologies, Inc. v. SanDisk Corp.*,
  2012 WL 1380271 (N.D. Cal. April 20, 2012) ....................................................... 2

*Perinatal Medical Group, Inc. v. Children's Hosp. Cent. California*,
  2009 WL 3756367 (E.D. Cal. Nov. 6, 2009) .......................................................... 2

*Perry v. Rado*,
  2007 WL 2041974 (E.D. Wa. July 11, 2007) ......................................................... 3

*Phillips v. BAC Home Loans Servicing, LP*,
  2011 WL 2746731 (D. Haw. July 13, 2011) .......................................................... 3

*Pool Water Products v. Olin Corp.*,
  258 F.3d 1024 (9th Cir. 2001) ................................................................................. 6

*Prime Healthcare Services, Inc. v. Service Employees Intern. Union*,
   2013 WL 3873074 (S.D. Cal. July 25, 2013) ........................................................ 3

*Pro Search Plus, LLC v. VFM Leonardo, Inc.*,
   2013 WL 3936394 (C.D. Cal. July 30, 2013) ................................................... 2, 3

*Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*,
   2010 WL 145098 (N.D. Cal. Jan, 8, 2010) ......................................................... 3

*Rebel Oil Co. v. Atlantic Richfield Co.*,
   51 F.3d 1421 (9th Cir. 1995) ............................................................................ 6, 7

*Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC*,
   532 F.3d 963 (9th Cir. 2008) ................................................................................ 2

*Shred-It America, Inc. v. MacNaughton*,
   2011 WL 1842997 (D. Haw. May 13, 2011) ....................................................... 2

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ................................................................................ 2

*Sprint Nextel Corp. v. AT&T Inc.*,
   821 F. Supp. 2d 308 (D.D.C. 2011) ................................................................. 4, 5

*Stanislaus Food Products Co. v. USS-POSCO Industries*,
   782 F. Supp. 2d 1059 (E.D. Cal. 2011) ............................................................... 3

*Stanislaus Food Products Co. v. USS-POSCO Industries*,
   2010 WL 3521979 (E.D. Cal. Sept. 3, 2010) ....................................................... 2

*Sunbelt Television, Inc. v. Jones Intercable, Inc.*,
   795 F. Supp. 333 (C.D. Cal. 1992) ................................................................. 4, 10

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
   2010 WL 2629728 (N.D. Cal. June 29, 2010) ..................................................... 3

*Tanaka v. Univ. of Southern California*,
   252 F.3d 1059 (9th Cir. 2001) .................................................................. 4, 11, 12

*Ticketmaster L.L.C. v. RMG Technologies, Inc.*,
   536 F. Supp. 2d 1191 (C.D. Cal. 2008) .............................................................. 12

*U.S. v. Syufy Enterprises*,
   903 F.2d 659 (9th Cir. 1990) ........................................................................ 8, 10

*Verizon. Comm., Inc. v. Law Offices of Curtis V. Trinko ("Trinko")*,
   540 U.S. 398 (2004) .............................................................................. 8, 9, 10

*Weyerhaeuser v. Ross-Simmons Hardwood Lumber*,
   549 U.S. 312 (2007) ............................................................................................ 9

**Statutes**

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 2

Fed. R. Civ. P. 12(b)(6) .................................................................................... 2, 4, 11

**Other Authorities**

H, Kafele, M. Meeks, *Developing Trends and Patterns in Federal Antitrust Cases After Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal* (Shearman & Sterling LLP April 2010) ........................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Defendants' Motion established that Novation's Complaint fails to allege specific plausible facts supporting multiple elements of its antitrust claims under Section 7 and Section 2. Nothing in Novation's Opposition changes this fact. Preliminarily, Novation misrepresents the standard this Court should apply when considering the sufficiency of the allegations of an antitrust claim post-*Twombly*. The case law is clear that an antitrust plaintiff must allege specific facts giving rise to plausible claims before a plaintiff will be allowed to go on an expensive and onerous fishing expedition. Novation has not done so here and numerous courts have dismissed antitrust claims for similar reasons, contrary to Novation's assertion.

Novation now concedes that it is not claiming antitrust injury as a result of the merger alone. Nor could it for the reasons explained in the Motion. Instead, it argues that antitrust injury is established through Defendants' alleged conduct of duping consumers into believing that J.G. Wentworth and Peachtree are actual competitors. The law is clear, however, that a competitor cannot claim antitrust injury based on harm to consumers. Novation's claim that it has been foreclosed from the relevant market is factually unsupported and implausible. Its claim of lost revenues and profits as a result of Defendants' bidding for top search positions on Google is also not antitrust injury because it is not the result of any anticompetitive conduct. Absent antitrust injury, Novation's claims fail as a matter of law.

Novation also fails to identify any anticompetitive conduct to support its Section 2 claim. Its reliance on Defendants' alleged false advertising is insufficient because it has not alleged the requisite factors to overcome the presumption that the effect on competition was *de minimis*. Novation's other claims of anticompetitive conduct are factually and legally insufficient to state a claim. Novation also fails to adequately allege a relevant market or barriers to entry, both of which require dismissal as well. For all of these reasons, Defendants' Motion should be granted.

## Argument

### I. COURTS ROUTINELY DISMISS ANTITRUST CLAIMS FOR FAILURE TO STATE FACIALLY PLAUSIBLE CLAIMS.

In spite of *Twombly's* strict pleading rule, Novation asserts that "[n]othing more than notice pleading is required" (Opp. at 2), and that there is "virtually a complete absence of authority in the Supreme Court or this Circuit authorizing dismissal at this stage of the proceedings on the fact-intensive grounds asserted by Defendants" (Opp. at 4). Novation misrepresents the law on both issues.

First, it is well settled that "notice pleading" does not pass muster in antitrust cases. "At least for the purposes of adequate pleading in antitrust cases, the [Supreme] Court specifically *abrogated* the usual 'notice pleading' rule, found in *Federal Rule of Civil Procedure* 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957) (emphasis added)." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 n.5 (9th Cir. 2008); *accord*, *Rick-Mik Enterprises, Inc. v. Equilon Enterprises LLC*, 532 F.3d 963, 970-1 (9th Cir. 2008) ("In *Twombly*, at least in antitrust matters, the Supreme Court 'retired' the familiar language derived from *Conley v. Gibson*"); *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (same).

Second, there are at least 24 district court decisions in this Circuit dismissing antitrust claims pursuant to *Fed. R. Civ. P.* 12(b)(6) based on *Twombly's* pleading requirements.[1] In doing so, courts in this District expressly recognize the policy

---

[1] *Stanislaus Food Products Co. v. USS-POSCO Industries*, 782 F. Supp. 2d 1059 (E.D. Cal. 2011); *In re Hawaiian & Guamanian Cabotage Antitrust Litigation*, 647 F. Supp. 2d 1250 (W.D. Wa. 2009); *Pro Search Plus, LLC v. VFM Leonardo, Inc.*, 2013 WL 3936394 (C.D. Cal. July 30, 2013); *Credit Bureau Services, Inc. v. Experian Information Solutions, Inc.*, 2013 WL 3337676 (C.D. Cal. June 28, 2013); *International Norcent Technology v. Koninklijke Philips Electronics N.V.*, 2007 WL 4976364 (C.D. Cal. Oct. 29, 2007); *Cascades Computer Innovation LLC v. RPX Corp.*, 2013 WL 316023 (N.D. Cal. Jan. 24, 2013); *PNY Technologies, Inc. v. SanDisk Corp.*, 2012 WL 1380271 (N.D. Cal. April 20, 2012); *Perinatal Medical Group, Inc. v. Children's Hosp. Cent. California*, 2009 WL 3756367 (E.D. Cal. Nov. 6, 2009); *Hoilien v. OneWest Bank, FSB*, 2012 WL 1379318 (D. Haw. April 20, 2012); *Shred-It America, Inc. v. MacNaughton*, 2011 WL 1842997 (D. Haw. May 13, 2011); *Gorospe v. New Century Mortg. Corp.*, 2011 WL 3734230 (D. Haw. (footnote continued)

rationale behind the rule in *Twombly*: before allowing overly broad, costly, and onerous discovery, a plaintiff should plead facts to support a plausible antitrust scheme. "[T]he Supreme Court has cautioned against permitting antitrust cases to proceed to discovery without a plaintiff demonstrating 'plausibility' because of the high cost of discovery in antitrust cases in particular." *Pro Search Plus, LLC*, 2013 WL 3936394, at *1; *International Norcent Technology*, 2007 WL 4976364, at *5 ("[T]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsels against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint."); *Credit Bureau Services, Inc.*, 2013 WL 3337676, at *10.[2]

Although Novation notes that many of the cases Defendants rely upon were on summary judgment or following a trial, that is of no moment. Opp. at 3-4. These Supreme Court and Ninth Circuit decisions, all but one which predated *Twombly*, explain the appropriate legal standard that must be applied to the elements of an antitrust claim; they do not counter against applying those legal standards to a motion to dismiss, as Novation suggests. Novation's claim that *Lucas Automotive*

---

Aug. 23, 2011); *Phillips v. BAC Home Loans Servicing, LP*, 2011 WL 2746731 (D. Haw. July 13, 2011); *name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 2013 WL 2151478 (C.D. Cal. Mar, 4, 2013); *Feitelson v. Google Inc.*, --- F. Supp. 3d ----, 2015 WL 740906 (N.D. Cal. Feb. 20, 2015); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2013 WL 5425183 (N.D. Cal. Sept, 26, 2013); *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 2010 WL 145098 (N.D. Cal. Jan, 8, 2010); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2010 WL 2629728 (N.D. Cal. June 29, 2010); *In re California Title Ins. Antitrust Litigation*, 2009 WL 1458025 (N.D. Cal. Nov. 6, 2009); *In re California Title Ins. Antitrust Litigation*, 2009 WL 3756686 (N.D. Cal. May 21, 2009); *Abbyy USA Software House, Inc. v. Nuance Communications Inc.*, 2008 WL 4830740 (N.D. Cal. Nov. 8, 2008); *Prime Healthcare Services, Inc. v. Service Employees Intern. Union*, 2013 WL 3873074 (S.D. Cal. July 25, 2013); *EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, 2009 WL 1668712 (S.D. Cal. May 27, 2009); *Stanislaus Food Products Co. v. USS-POSCO Industries*, 2010 WL 3521979 (E.D. Cal. Sept. 3, 2010); *Perry v. Rado*, 2007 WL 2041974 (E.D. Wa. July 11, 2007).

[2] Indeed, in a survey conducted as of 2010, the post-*Twombly* dismissal rate for antitrust cases was 65% overall, with the Ninth Circuit leading all circuits with a 70% dismissal rate. H, Kafele, M. Meeks, *Developing Trends and Patterns in Federal Antitrust Cases After Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal*, at 8-9 (Shearman & Sterling LLP April 2010).

*Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 140 F.3d 1228 (9th Cir. 1998) involved the Ninth Circuit's reversal of a motion to dismiss is incorrect.[3] To the contrary, the court affirmed the grant of summary judgment for failure to establish antitrust injury. And in *Sprint Nextel Corp. v. AT&T Inc.*, 821 F. Supp. 2d 308 (D.D.C. 2011), the court dismissed the plaintiff's claims for lack of antitrust injury on many of the same grounds on which Defendants have moved here; that the court allowed one theory to proceed, which is wholly inapplicable to the facts of this case (and Novation does not contend otherwise), is simply irrelevant.

## II.    NOVATION'S OPPOSITION CONFIRMS NO ANTITRUST INJURY.

### A.    Novation Concedes it Has Not Suffered Antitrust Injury As a Result of the Merger.

Defendants' Motion established that to challenge the merger under Section 7, Novation must adequately allege antitrust injury. Mot. at 6-7. Although Novation alleged in the Complaint that "[t]he merger . . . standing alone, violates section 7 of the Clayton Act" (Complaint ¶ 15), it has now abandoned that position, stating "Novation does not contend that the acquisition alone caused either antitrust injury or compensable harm" (Opp. at 7). As such, Novation does not even address the arguments Defendants made on this issue. *Id.* Nor does Novation challenge the fundamental premise that a competitor does not suffer antitrust injury as a result of a merger which reduces the number of competitors because it actually benefits the competitor. *See* Mot. at 8-11; *Alberta Gas Chemicals Ltd. v. E.I. Du Pont De Nemours and Co.*, 826 F.2d 1235, 1243 (3d Cir. 1987). Because Novation admittedly cannot establish antitrust injury from the merger based on the elimination of a competitor, Novation's Section 7 claim fails as a matter of law.

---

[3] Novation's assertion that "it is remarkable that Defendants cite no Rule 12(b)(6) case dismissing an antitrust claim on these bases" (Opp. at 3) is also incorrect. Defendants cited two such cases in their opening papers: *Sunbelt Television, Inc. v. Jones Intercable, Inc.*, 795 F. Supp. 333, 336-337 (C.D. Cal. 1992), and *Tanaka v. Univ. of Southern California*, 252 F.3d 1059, 1063 (9th Cir. 2001).

### B. Novation's Reliance on Alleged Consumer Deception Post-Merger Does Not Establish Antitrust Injury Either.

Conceding it cannot allege antitrust injury as a result of the merger itself, Novation argues that conduct made possible by the merger has resulted in antitrust injury. Specifically, Novation claims that by holding themselves out as two separate brands, Defendants "have duped thousands of consumers into thinking they were getting competitive offers when the system was rigged to create this false illusion" (Opp. at 7-8) and "that '[c]onsumers have been deprived of the benefit of competition…and true choice'" (Opp. at 8). However, as Defendants' Motion makes clear, allegations of consumer harm are insufficient to establish antitrust injury *to Novation*. Mot. at 9-11; *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 583 (1986); *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1102 (9th Cir. 1999); *AlliedSignal, Inc. v. B.F. Goodrich Co.*, 183 F.3d 568, 576 (7th Cir. 1999); *Sprint*, 821 F. Supp. 2d at 319. Therefore, Novation's reliance on alleged consumer deception and lack of choice is legally insufficient to support its claim of antitrust injury for either its Section 7 or Section 2 claims.

### C. Novation's Claim of Market Foreclosure and Diminished Revenues and Profits Are Also Insufficient to Allege Antitrust Injury.

Novation also contends that it has been "foreclosed from the opportunity of competing in the aforesaid relevant market and continuing to operate as a competitive force in that market" and that "Novation sustained losses in the form of diminished revenues and profits and loss of going concern value." Opp. at 8-9. Once again, Novation ignores the well-established legal authorities discussed in the Motion which demonstrate the inadequacy of these allegations.

As the Motion explained, Novation's Complaint alleges that as a result of Defendants' bidding on Google AdWords, Defendants "are able to consistently grab two of the top three or four search listing results on many of the keywords used by consumers searching for structured settlement buyers" (Complaint ¶ 23) and that

this conduct has "driven up the cost of being in the 1st, 2nd, or 3rd position so as to effectively preclude or minimize the competitive impact of other entrants." Complaint ¶ 28. From this, Novation leaps to the unsupported, unexplained and implausible assertion that it has been foreclosed from the relevant market. Complaint ¶ 35. There are no allegations plausibly suggesting that Defendants' bidding has somehow prevented Novation from continuing to compete as a factoring company or even appear in top search positions on Google AdWords. To the contrary, Defendants are only ever able to capture two of the top four search positions, leaving room for Novation and other competitors to compete for the additional positions. Complaint ¶ 23. And there is nothing plausibly suggesting that Novation is precluded from obtaining the top positions if it was willing to bid more. This implausible market foreclosure theory is not sufficient to allege antitrust injury.

Furthermore, Novation's claim that Defendants' conduct has driven up the cost of appearing in the top search positions, resulting in diminished revenues and profits, is not cognizable antitrust injury, another point that Novation ignores. *Cargill v. Monfort of Colorado*, 479 U.S. 104, 116 (1986) ("The logic of *Brunswick* compels the conclusion that the threat of loss of profits due to possible price competition following a merger does not constitute a threat of antitrust injury."); *Pool Water Products v. Olin Corp.*, 258 F.3d 1024, 1036 (9th Cir. 2001)("reduced profits from lower prices and decreased market share is not the type of harm Section 4 was meant to protect against").

**D.  Novation's Losses Do Not Flow from Any Anticompetitive Aspect of Defendants' Conduct, Which Is Required for Antitrust Injury.**

Novation does not dispute that for purposes of antitrust injury, the alleged "loss [must] flow[] from an *anticompetitive* aspect or effect of the defendant's behavior." *Pool Water*, 258 F.3d at 1034. And "[i]f the injury flows from aspects of the defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal per se." *Rebel Oil Co. v.*

*Atlantic Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir. 1995).  Novation fails to plausibly explain how its alleged losses – paying higher prices for Google AdWords or diminished revenue -- flow from any anticompetitive aspect of Defendants' conduct.  As the Motion explained, Defendants' bidding on Google AdWords is the very essence of competition with the top search positions going to the highest bidder, a point which Novation does not even address or attempt to refute.  Mot. at 13-14.[4]  As the Supreme Court explained in *Cargill*, "competition for increased market share, is not activity forbidden by the antitrust laws.  It is simply [...] vigorous competition."  *Cargill*, 479 U.S. at 116.[5]

Nor does Novation address the fact that it would be in the same position had the merger never occurred or Peachtree was acquired by some other company: competing against both J.G. Wentworth and Peachtree for top search positions on pay-per-click advertising.  *See* Mot. at 14-16.  Under well-established authorities, Novation cannot establish antitrust injury under these circumstances.  *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 487 (1977) ("Respondents would have suffered the identical 'loss' but no compensable injury had the acquired centers instead obtained refinancing or been purchased by 'shallow pocket' parents."); *Lucas Automotive*, 140 F.3d at 1232-1233 (finding plaintiff lacked antitrust injury despite merger which resulted in 74% market share and foreclosed it from serving as a supplier of vintage tires because it "would have suffered the same injury had a small business acquired the exclusive right to manufacture and to distribute

---

[4] As discussed in the Motion and further below, Novation's allegations that consumers are somehow deceived by Defendants' maintenance of two brands are insufficient to establish anticompetitive conduct.

[5] Novation's attempt to distinguish *Cargill* on the grounds that there, the plaintiff failed to plead a claim for predatory pricing is inapt.  Opp. at 9-10.  Not only has Novation failed to plead predatory pricing here, but the Supreme Court's discussion of antitrust injury was not limited to predatory pricing and rejected the plaintiff's Section 7 claims based on allegations similar to those asserted by Novation.

Firestone tires").[6] Just as in *Brunswick*, "it is quite clear that if respondents were injured, it was not 'by reason of anything forbidden in the antitrust laws': while respondents' loss occurred 'by reason of' the unlawful acquisitions, it did not occur 'by reason of' that which made the acquisitions unlawful." *Brunswick*, 479 U.S. at 488.

Novation has failed to allege facts to support a plausible theory of antitrust injury to support its Section 7 or Section 2 claims and the Motion should be granted.

### III. NOVATION'S ALLEGED ANTICOMPETITIVE CONDUCT IS LEGALLY INSUFFICIENT TO SUPPORT ITS SECTION 2 CLAIM.

Although Novation recognizes that it must allege anticompetitive or exclusionary conduct in support of its Section 2 claim, its Opposition falls short of explaining how the Complaint plausibly does so. According to Novation, "the anticompetitive conduct consists of JG Wentworth (40% market share) acquiring Peachtree (30% market share) to (1) eliminate its main rival as a competitor and (2) produce a market share with monopoly numbers." Opp. at 11. At most, this establishes that Defendants acquired a large market share through a merger. Market share alone does not establish monopoly power, *see*, *U.S. v. Syufy Enterprises,* 903 F.2d 659, 664-69 (9th Cir. 1990) (movie theater with 100% market share lacked monopoly power), nor is it sufficient to constitute exclusionary conduct. *Verizon. Comm., Inc. v. Law Offices of Curtis V. Trinko ("Trinko")*, 540 U.S. 398, 407 (2004) (possession of monopoly power not unlawful unless accompanied by anticompetitive conduct). Perhaps this is why Novation quickly concedes that it is not "rely[ing] on the merger, standing alone, to produce either an anticompetitive effect . . . or antitrust injury . . . ." Opp. at 11.

---

[6] Novation admits it has not alleged a "bid rigging" claim as that term is used in antitrust law (Opp. at 8, fn. 3) and for the reasons explained in the Motion, it could not state such a claim under these circumstances. Mot. at 22-24.

It then argues that the anticompetitive conduct consists of J.G. Wentworth and Peachtree "falsely palming off Peachtree as a true independent competitor" which "'crowds out competitors [including Novation] and/or drives up the cost of' getting to a favorable position where the prospect of getting a consumer call to bid is enhanced." Opp. at 11. However, as explained in the Motion, in order for false advertising to constitute exclusionary conduct under Section 2, a plaintiff must "overcome a presumption that the effect on competition [...] was *de minimis*." *American Professional Testing Service, Inc. v. Harcourt Brace Jovanovich Legal and Professional Publications, Inc.*, 108 F.3d 1147, 1152 (9th Cir. 1997). To overcome this presumption, the plaintiff must establish that "the representations were [1] clearly false, [2] clearly material, [3] clearly likely to induce reasonable reliance, [4] made to buyers without knowledge of the subject matter, [5] continued for prolonged periods, and [6] not readily susceptible of neutralization or other offset by rivals." *Id.* at 1152. Novation fails to allege any of these elements.

Nor does Novation attempt to explain how Defendants' bidding on Google AdWords to obtain two of the top four search positions is anticompetitive in any respect. To the contrary, "this sort of high bidding is essential to competition and innovation on the buy side of the market." *Weyerhaeuser v. Ross-Simmons Hardwood Lumber*, 549 U.S. 312, 323-24 (2007).[7] Novation's reliance on *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 608-11 (1985), which involved the very limited and frequently criticized "essential facilities" doctrine, is grossly misplaced.[8] As the Ninth Circuit explained, "the essential facilities doctrine imposes liability when one firm, which controls an essential facility, denies a second firm reasonable access to a product or service that the second firm must obtain in

---

[7] Novation has not attempted to argue or offer facts that could support a predatory bidding claim as enunciated by the Supreme Court in *Weyerhaeuser*. Mot. at 19-20.
[8] As the Supreme Court itself has stated in refusing to extend *Aspen*, "*Aspen* is at or near the outer boundary of Section 2 liability, and the present case does not fit within the limited exception it recognized." *Trinko*, 540 U.S. at 409 (upholding district court's dismissal of antitrust claims on a motion to dismiss).

order to compete with the first." *Alaska Airlines v. United Airlines*, 948 F.2d 536, 542 (9th Cir. 1991). Here, there are no allegations that Google AdWords is an "essential facility" or that Defendants somehow control access to Google AdWords; to the contrary, Novation and other competitors can freely compete for any of the top search positions "bidding more to achieve a higher ranking." Complaint ¶ 13; *Trinko*, 540 U.S. at 411 ("It suffices for present purposes to note that the indispensable requirement for invoking the doctrine is the unavailability of access to the 'essential facilities'; where access exists, the doctrine serves no purpose.").[9]

Finally, Novation fails to cite any legal authorities to refute Defendants' argument that there is nothing anticompetitive about a company maintaining and advertising separate brands, as J.G. Wentworth and Peachtree are doing here. *See* Mot. at 20-21. Novation's string of speculative and hypothetical "what ifs" (Opp. at 14) is insufficient to allege plausible claims for relief; as the Supreme Court explained, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is precisely these types of unwarranted and expensive fishing expeditions that *Twombly* and subsequent courts have recognized as justification for requiring greater specificity of facts, not speculation, before allowing antitrust claims to proceed. *See supra* at 2.

---

[9] Novation's reliance on *Movie 1 & 2 v. United Artists Communications, Inc.*, 909 F.2d 1245, 1255 (9th Cir. 1990) for the proposition that "whether conduct is anticompetitive is a factual question for the jury" is also misplaced. That case involved an appeal of a grant of summary judgment and the Ninth Circuit simply held that in that case, there was a genuine issue of material fact regarding whether the defendant engaged in anticompetitive conduct. It made no broader holding or suggestion that anticompetitive conduct is always a fact question for the jury.

## IV. THE COMPLAINT FAILS TO ALLEGE HIGH BARRIERS TO ENTRY TO SUPPORT ITS SECTION 2 CLAIM.

Novation does not take issue with the cases cited in the Motion explaining the legal requirement of alleging barriers to entry to the relevant market to support its Section 2 monopolization claims. *Syufy*, 903 F.2d at 664; *Sunbelt Television, Inc.*, 795 F. Supp. at 336-337. Instead, it claims that "entry barriers are inexorably and necessarily parts of cases like this" and that such barriers are expressly alleged in the form of the "scam on consumers", "requirements for capital to fund transactions", the "handful of competitors" and the need for "judicial approval of transactions". Opp. at 15. None of these assertions adequately allege barriers to entry. The reference to a scam on consumers has nothing to do with competitors entering the market. There are no allegations indicating that would-be competitors could not get access to the necessary capital to fund such transactions, or that the number of competitors in the market is somehow restrained as a result of any such barriers, or that other companies could not obtain judicial approval for such transactions. Novation fails to explain how these allegations demonstrate barriers to entry.[10]

## V. NOVATION'S MARKET DEFINITION REMAINS INSUFFICIENT.

Novation contends that because the issue of relevant market is fact-intensive, a motion to dismiss on such grounds is inappropriate. Not so. The Ninth Circuit made clear in *Tanaka v. Univ. of South. Cal.*, 252 F.3d 1059 (9th Cir. 2001), that antitrust claims are subject to dismissal on the pleadings if the complaint fails to properly define a relevant market. *Id.* at 1063. Even the case Novation relies heavily on, *Newcal Indus. v. Ikon Office Solutions*, explains that "a complaint may

---

[10] As explained in the Motion, Novation's attempted monopolization claim fails to plead specific intent to control prices or destroy competition. Mot. at 21-22. In response, Novation identifies language from Paragraph 26 of the Complaint that Defendants' conduct "produc[ed] an anticompetitive scheme calculated to eliminate or reduce competition to JG Wentworth and its former (but now fake) "competitor" Peachtree." Opp. at 16. This conclusory and factually unsupported assertion fails to plead the specific facts required to allege a plausible claim.

be dismissed under Rule 12(b)(6) if the complaint's 'relevant market' definition is facially unsustainable." 513 F.3d 1038, 1045 (9th Cir. 2008). To survive a motion to dismiss, the relevant market definition must encompass the product at issue as well as all economic substitutes for the product. *Id*.

It is undisputed that Novation has failed to plead these basic requirements of market definition. Tellingly, Novation states that its "relevant product market *effectively* alleges that there are no 'reasonable product interchangeability' issues." Opp. at 18. Not only is "effectively" alleging different than "actually" alleging reasonable product interchangeability, but the Ninth Circuit has held that such a conclusory and factually unsupported market definition is insufficient to survive a motion to dismiss. *Tanaka*, 252 F.3d at 1063-1064 ("[Plaintiff's] conclusory assertion that the 'UCLA women's soccer program' is 'unique' and hence 'not interchangeable with any other program in Los Angeles' is insufficient."); *see also*, *Big Bear Lodging Ass'n v. Snow Summit, Inc.,* 182 F.3d 1096, 1104 (9th Cir. 1999) (affirming dismissal for failure to allege reasonable interchangeability); *Ticketmaster L.L.C. v. RMG Technologies, Inc.,* 536 F. Supp. 2d 1191, 1195 (C.D. Cal. 2008) (granting motion to dismiss for failure to adequately allege relevant market); *Manwin Licensing Intern. S.A.R.L. v. ICM Registry, LLC*, 2012 WL 3962566, at *8 (C.D. Cal. Aug. 14, 2012) (dismissing complaint for failure to allege why other products are not reasonable substitutes). Although it is possible that Novation can allege a relevant product market that would survive a motion to dismiss, it has not done so in the Complaint.

## Conclusion

For all the foregoing reasons, the Court should grant Defendants' Motion and dismiss the Complaint.

1  DATED: May 4, 2015              QUINN EMANUEL URQUHART &
2                                  SULLIVAN, LLP
3                                  By */s/ Michael Williams*
4                                     Harold A. Barza (Bar No. 80888)
                                      Michael E. Williams (Bar No. 181299)
5                                     Counsel for Defendants The J.G.
                                      Wentworth Company, LLC, The J.G.
6                                     Wentworth Company, J.G. Wentworth
                                      S.S.C. Limited Partnership, and
7                                     PeachHoldings, LLC